**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIANZHONG YE, | No. 07-70456 |
| Petitioner, | Agency No. A098-846-174 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Jianzhong Ye, a native and citizen of the People's Republic of China,

petitions from the Board of Immigration Appeals's ("BIA") final order of removal.

An immigration judge ("IJ") heard Ye's testimony and denied his request for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") based on a finding that he failed to establish a well-founded fear of future persecution or a likelihood of torture. The BIA adopted and affirmed the IJ's decision. When the BIA summarily affirms the IJ's decision, the court reviews the IJ's decision as the final decision of the BIA. Tamang v. Holder, 598 F.3d 1083, 1088 (9th Cir. 2010). We review the IJ's decision for substantial evidence. Wang v. Ashcroft, 341 F.3d 1015, 1019–20, 1022 (9th Cir. 2003).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny Ye's petition for review.

The facts of this case are known to the parties. We do not repeat them.

Ye is ineligible for asylum because he does not have a well-founded fear of persecution. See 8 U.S.C. § 1101(a)(42)(A). The IJ's determination that Ye's fear of persecution is not objectively reasonable is supported by substantial evidence. Ye's arguments that he will face forced sterilization for violating China's one-child policy are not compelling. Ye's wife and children still live in China, and according to Ye's own testimony, no member of his family has faced any threats or persecution since he left. Nor has Ye personally ever faced any threat of forced sterilization.

To the extent that the IJ relied upon Ye's failure to submit corroborating evidence, we note that the REAL ID Act of 2005, 8 U.S.C. § 1229a(c)(4)(B),

2

permits the IJ to require an asylum applicant to "provide evidence that corroborates otherwise credible testimony." Our prior decisions to the contrary, see, e.g., Ladha v. INS, 215 F.3d 889 (9th Cir. 2000) (holding that an IJ may not require corroborative evidence from an otherwise credible applicant), were abrogated by the Act. See Aden v. Holder, 589 F.3d 1040, 1043–44 (9th Cir. 2009). The IJ therefore did not err by considering Ye's failure to provide corroborative evidence.

As Ye has not made a convincing case for asylum, he cannot meet the higher standard for withholding of removal. See Shire v. Ashcroft, 388 F.3d 1288, 1295 n.5 (9th Cir. 2004). Nor can he establish that it is more likely than not that he will be tortured if he returns to China. See Khup v. Ashcroft, 376 F.3d 898, 906–07 (9th Cir. 2004).

**DENIED.**